Opinion
BAMATTRE-MANOUKIAN, Acting P. J.
I. INTRODUCTION
Defendant Scott Frank Fialho appeals after a jury convicted him of voluntary manslaughter (Pen. Code, § 192, subd. (a)),[1] attempted voluntary manslaughter (§§ 664, subd. (a), 192, subd. (a)), and carrying a concealed *1392 dirk or dagger (former § 12020, subd. (a)(4)).[2] The jury found true allegations that, in the commission of the voluntary manslaughter and attempted voluntary manslaughter, defendant personally and intentionally discharged a firearm and proximately caused death and great bodily injury. (Former § 12022.53, subd. (d); § 12022.53 was repealed in 2010 operative Jan. 1, 2012, and reenacted eff. Jan. 1, 2012. All references are to former § 12022.53.) However, because section 12022.53 does not apply to voluntary manslaughter or attempted voluntary manslaughter, the trial court imposed enhancements for personal use of a firearm (former § 12022.5, subd. (a)) instead of the section 12022.53, subdivision (d) enhancements. Defendant was sentenced to a 26-year prison term.
On appeal, defendant contends we should vacate the jury’s findings on the section 12022.53, subdivision (d) allegations and strike the personal firearm use enhancements imposed pursuant to former section 12022.5, subdivision (a) because there were no section 12022.5, subdivision (a) allegations in the information and those allegations were not found true by the jury. We will affirm the judgment.
II. BACKGROUND
A. The Shooting[3]
On December 5, 2007, San Jose police officers were dispatched to an apartment complex in San Jose, where they found 19-year-old Huber Vírelas lying on the ground with a gunshot wound to his left eye. The police also found 25-year-old Roberto Jaime on the ground with gunshot wounds in his arm, chest, abdomen, and back. The two victims were transported to the hospital, and Vírelas subsequently died.
Prior to the shooting, a witness heard defendant ask Vírelas “Do you bang?” and saw defendant pull out a handgun and shoot Vírelas in the head. The witness also saw defendant shoot Jaime.
According to another witness, defendant—a Norteño gang member— believed the two victims—both Sureño gang members—had been “ ‘mugging’ ” him prior to the shooting.
At defendant’s residence, police found bloody items, “items indicative of gang activity,” and a bullet.
Defendant was arrested on January 16, 2008. Defendant attempted to flee when officers arrived at his location in an attempt to contact him. Defendant had a large knife on his person at the time of his arrest.
*1393 At trial, defendant testified that he reached for his gun only after seeing one of the victims pull something out of his jacket pocket; he was “scared for [his] life” and felt he “had to protect [himjself.”
B. Charges
Defendant was charged with murder (§ 187, subd. (a); count 1), attempted murder (§§ 664, subd. (a), 187, subd. (a); count 2), exhibiting a firearm (§ 417, subd. (a)(2); count 3), carrying a concealed dirk or dagger (former § 12020, subd. (a)(4); count 4), and resisting an officer (§ 148, subd. (a)(1); count 5).
As to the murder charged in count 1, the first amended information alleged that defendant was an active participant in a criminal street gang and that the murder was carried out to further the gang’s activities (§ 190.2, subd. (a)(22)), that defendant personally and intentionally discharged a firearm and proximately caused death (§ 12022.53, subd. (d)), and that defendant committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).
As to the attempted murder charged in count 2, the first amended information alleged that defendant personally and intentionally discharged a firearm and proximately caused great bodily injury (§ 12022.53, subd. (d)) and that defendant committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).
The first amended information also alleged that defendant committed counts 3, 4, and 5 for the benefit of a criminal street gang. (§ 186.22, subds. (b)(1)(A) & (d).)
C. Verdicts
In count 1, the jury found defendant not guilty of first degree murder and not guilty of second degree murder, but it found him guilty of voluntary manslaughter. (§ 192, subd. (a).) The jury found true the allegation that defendant personally and intentionally discharged a firearm and proximately caused death (§ 12022.53, subd. (d)), but it found not true the allegation that defendant committed the offense for the benefit of a criminal street gang.
In count 2, the jury found defendant not guilty of attempted murder, but it found him guilty of attempted voluntary manslaughter. (§§ 664, subd. (a), 192, subd. (a).) The jury found true the allegation that defendant personally and intentionally discharged a firearm and proximately caused great bodily injury (§ 12022.53, subd. (d)), but it found not true the allegation that defendant committed the offense for the benefit of a criminal street gang.
*1394 In count 3, the jury found defendant not guilty of exhibiting a firearm.
In count 4, the jury found defendant guilty of carrying a concealed dirk or dagger (former § 12020, subd. (a)(4)), but it found not true the allegation that defendant committed the offense for the benefit of a criminal street gang.
In count 5, the jury found defendant guilty of resisting an officer (§ 148, subd. (a)(1)), but it found not true the allegation that defendant committed the offense for the benefit of a criminal street gang.
D. Sentencing
The probation report noted that the jury had found true the allegations under section 12022.53, subdivision (d), but that “as the defendant was found guilty of the lesser offenses of Sections 192(a) and 664/192(a) of the Penal Code, this allegation can not be found true as these lesser offenses are not crimes listed in Section 12022.53(a) of the Penal Code . . . .” The probation officer stated that according to the prosecutor, “these allegations revert to Section 12022.5(a) of the Penal Code.”
On November 18, 2011, the trial court sentenced defendant to the upper term of 11 years for count 1 (voluntary manslaughter) with a consecutive upper term of 10 years for personal firearm use pursuant to former section 12022.5, subdivision (a). For count 2 (attempted voluntary manslaughter), the trial court imposed a consecutive term of one year (one-third of the midterm) and a consecutive term of three years four months (one-third of the upper term) for personal firearm use pursuant to former section 12022.5, subdivision (a). For count 4 (carrying a concealed dirk or dagger), the trial court imposed a consecutive term of eight months (one-third of the midterm). The aggregate prison term was 26 years.
On December 2, 2011, the trial court recalled defendant’s sentence (see § 1170, subd. (d)) in order to “do a better job of stating the reasons for each one of its sentencing decisions.”
On March 23, 2012, the trial court reimposed the 26-year sentence.
III. DISCUSSION
Defendant contends we should vacate the jury’s findings on the section 12022.53, subdivision (d) allegations, because section 12022.53 does not apply to voluntary manslaughter or attempted voluntary manslaughter. He further contends we should strike the enhancements for personal use of a *1395 firearm (former § 12022.5, subd. (a)) because there were no former section 12022.5, subdivision (a) allegations in the information and those allegations were not found true by the jury.
Defendant is correct that section 12022.53 applies to an enumerated list of felony offenses, which does not include voluntary manslaughter or attempted voluntary manslaughter.[4] Thus, the jury here was improperly instructed to determine the truth of the section 12022.53 allegations if, in counts 1 and 2, it found defendant guilty of voluntary manslaughter and attempted voluntary manslaughter.[5]
Defendant concedes the evidence established that he “use[d]” a firearm within the meaning of former section 12022.5, subdivision (a).[6] He further concedes that “sufficient evidence would have supported enhancement allegations under [former] section 12022.5, subdivision (a), as to counts 1 and 2, if such allegations had been made.”
Defendant also concedes there is precedent in case law for imposition of uncharged but “ ‘lesser included enhancements’ ” (see People v. Majors (1998) 18 Cal.4th 385, 410 [75 Cal.Rptr.2d 684, 956 P.2d 1137] (Majors)) when the original enhancement allegation is either factually unsupported or—as here—does not apply to the offense of conviction under the applicable statutory provisions. In fact, the California Supreme Court has expressly permitted substitution of a charged enhancement with an uncharged enhancement that “would be applicable in any case” in which the charged enhancement applies. (People v. Strickland (1974) 11 Cal.3d 946, 961 [114 Cal.Rptr. *1396 632, 523 P.2d 672] (Strickland).) In Strickland, the defendant was charged with murder, but he was convicted of voluntary manslaughter, a lesser included offense. The jury found true a firearm use allegation under former section 12022.5, which at that time applied to murder but not manslaughter, so the trial court had improperly imposed that enhancement. (Strickland, supra, at p. 959.) The California Supreme Court instead imposed an arming enhancement under former section 12022, explaining, “ ‘In the present case appellant did not come within the provisions of section 12022.5, as the crime of which he was convicted was not specified in that section, but the jury did find that he used and thus was armed with a firearm, a shotgun, at the time the offense was committed. Appellant was charged in the commission with the use of a firearm under section 12022.5, [and] thus had notice that his conduct [could] also be in violation of section 12022.’ ” (Strickland, supra, at p. 961, first bracketed insertion added.)
The Courts of Appeal have similarly approved the substitution of a charged enhancement with an uncharged “ ‘lesser included enhancement’ ” (Majors, supra, 18 Cal.4th at p. 410) when there is insufficient evidence to support the greater enhancement. In People v. Allen (1985) 165 Cal.App.3d 616, 627 [211 Cal.Rptr. 837] (Allen), the appellate court found insufficient evidence to support a firearm use enhancement under former section 12022.5, subdivision (a) and reduced the finding to an arming enhancement under former section 12022, subdivision (a). Likewise, in People v. Lucas (1997) 55 Cal.App.4th 721, 743 [64 Cal.Rptr.2d 282] (Lucas), the appellate court held that the trial court had properly imposed an arming enhancement under former section 12022, subdivision (a)(1) after the prosecutor conceded there was insufficient evidence to support the jury’s finding of personal firearm use under former section 12022.5, subdivision (a). And most recently, in People v. Dixon (2007) 153 Cal.App.4th 985, 1001-1002 [63 Cal.Rptr.3d 637] (Dixon), the appellate court upheld the trial court’s substitution of a deadly weapon use enhancement under former section 12022, subdivision (b) for a former section 12022.53 enhancement where the trial court found that the weapon, a BB gun, was not a firearm.
Defendant contends that Strickland, Allen, and Lucas do not control here because those cases were decided prior to the enactment of section 1170.1, subdivision (e), which provides: “All enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact.” Defendant acknowledges that at the time of the Lucas case, former section 1170.1, subdivision (f) contained similar language—it specified that enhancements “shall be pleaded and proven as provided by law” (see Stats. 1994, ch. 1188, § 12, p. 7191)—but he notes that the Lucas, Allen, and Dixon courts did not consider whether imposition of an uncharged enhancement was permitted under either version of section 1170.1. Defendant further contends that Lucas, Allen, and Dixon are distinguishable *1397 because the charged enhancements in those cases were not unauthorized but rather factually unsupported.
We do not agree with defendant that Strickland was, in effect, legislatively overruled by the enactment of the current version of section 1170.1, subdivision (e), which became effective in 1998. (Stats. 1997, ch. 750, § 3, p. 5065.) By mandating that all enhancements “be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact,” section 1170.1, subdivision (e) does not preclude the imposition of “ ‘lesser included enhancements’ ” (Majors, supra, 18 Cal.4th at p. 410) when the charged enhancement is either factually unsupported or inapplicable to the offense of conviction. As explained in Strickland, when an enhancement is alleged in the information, the defendant is put on notice “that his [or her] conduct [could] also be in violation of’ an uncharged enhancement that “would be applicable in any case” in which the charged enhancement applies, and imposition of the uncharged enhancement is permitted. (Strickland, supra, 11 Cal.3d at p. 961, first bracketed insertion added.) As an intermediate court, we are required to follow decisions of the California Supreme Court. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)
We also conclude that section 1170.1, subdivision (e) does not require the prosecution to include specific statutory references for enhancement allegations. It is well settled that only the factual allegations underlying an offense or enhancement must be pleaded, unless the relevant statute provides otherwise. (See People v. Tardy (2003) 112 Cal.App.4th 783, 787 [6 Cal.Rptr.3d 24] [§ 666 need not be specifically pleaded in order for defendant to receive enhanced punishment]; People v. Mancebo (2002) 27 Cal.4th 735, 745 [117 Cal.Rptr.2d 550, 41 P.3d 556] [multiple-victim circumstance of § 667.61, subd. (e)(5) must be pleaded by “factual allegation” or by “pleading in the statutory language”].) Here the information pleaded all the facts necessary for the former section 12022.5 enhancements in the section 12022.53 allegations.[7]
*1398 The California Supreme Court construed a similar statutory provision as requiring only that the prosecution plead and prove “each fact required” for a specific enhancement. (People v. Jackson (1985) 37 Cal.3d 826, 835, fn. 12 [210 Cal.Rptr. 623, 694 P.2d 736] (Jackson).) In Jackson, the court considered former section 1170.1, subdivision (f), which stated that certain enumerated enhancements, former section 12022.5, “ ‘shall be pleaded and proven as provided by law.’ ” (Jackson, supra, at p. 835, fn. 12.) The court held that the pleading and proof requirements of the statute applied to section 667 enhancements as well, and it explained that such an enhancement could not be imposed unless the defendant “receive[s] notice of the facts the prosecution intends to prove” and unless the prosecution presents “proof of each fact required for that enhancement.” (Jackson, supra, at p. 835, fn. 12.)
Further, nothing in the plain language of section 1170.1, subdivision (e) indicates the Legislature intended the prosecution to plead and prove all potentially applicable lesser included enhancements. This would require the prosecution to anticipate what the evidence will show and what lesser included offense instructions the trial court will give, well in advance of trial, or require the prosecution to move to amend the pleadings during trial once it appears any lesser included enhancement might be applicable. The prosecution is not required to plead lesser included offenses (§ 1159),[8] and it would be incongruous to require the prosecution to plead lesser included enhancements that would apply only to lesser included offenses.
Finally, even if section 1170.1, subdivision (e) could be read to say that all enhancements must be alleged in the accusatory pleading by specific code section, errors like the one in this case would always necessarily be harmless. Where the jury finds the defendant guilty of voluntary manslaughter as a lesser included offense to murder and finds true a firearm enhancement (§ 12022.53, subd. (d)) that was applicable only to murder, it will be harmless error to impose an uncharged lesser included firearm enhancement (former § 12022.5, subd. (a)) that applies to the lesser included offense of voluntary manslaughter. The same is true when the charged offense is attempted murder but the jury convicts the defendant of attempted voluntary manslaughter. To require that a specific lesser included enhancement code section be pleaded before a lesser included enhancement can be imposed under such circumstances “would improperly elevate form over substance.” (People v. Flynn (1995) 31 Cal.App.4th 1387, 1392 [37 Cal.Rptr.2d 765].)
In this case, the trial court did not err by imposing a personal firearm use enhancement under former section 12022.5, subdivision (a) after *1399 determining that the section 12022.53, subdivision (d) enhancement found true by the jury did not apply to the offenses of which defendant was convicted. Former section 12022.5, subdivision (a) is an enhancement that “would be applicable in any case” in which a section 12022.53, subdivision (d) enhancement applies. (Strickland, supra, 11 Cal.3d at p. 961.)
IV. DISPOSITION
The judgment is affirmed.
Grover, J., concurred.

 All further statutory references are to the Penal Code unless otherwise indicated.

 The crime of carrying a concealed dirk or dagger is now proscribed by section 21310. (See Stats. 2004, ch. 247, § 7, p. 2981; Stats. 2010, ch. 711, § 6.)

 As defendant raises only procedural issues on appeal, our summary of the facts underlying the charged offenses is taken primarily from the probation report.

 Current section 12022.53, subdivision (a) specifies: “This section applies to the following felonies: Q] (1) Section 187 (murder). [1] (2) Section 203 or 205 (mayhem), [f] (3) Section 207, 209, or 209.5 (kidnapping). Q] (4) Section 211 (robbery), [f] (5) Section 215 (carjacking). [ID (6) Section 220 (assault with intent to commit a specified felony). Q] (7) Subdivision (d) of Section 245 (assault with a firearm on a peace officer or firefighter). []D (8) Section 261 or 262 (rape), [f] (9) Section 264.1 (rape or sexual penetration in concert). Q] (10) Section 286 (sodomy). [][] (11) Section 288 or 288.5 (lewd act on a child). []Q (12) Section 288a (oral copulation), [f] (13) Section 289 (sexual penetration), [f] (14) Section 4500 (assault by a life prisoner). [][] (15) Section 4501 (assault by a prisoner). [|] (16) Section 4503 (holding a hostage by a prisoner), [f] (17) Any felony punishable by death or imprisonment in the state prison for life. H] (18) Any attempt to commit a crime listed in this subdivision other than an assault.”

 Pursuant to CALCRIM No. 3149, the jury was instructed: “ ‘If you find the defendant guilty of the crimes charged in Counts 1 or 2 or the lesser crimes of second degree murder, voluntary manslaughter, or attempted voluntary manslaughter, you must then decide whether, for each crime, the People have proved the additional allegation that the defendant personally and intentionally discharged a firearm during that crime causing great bodily injury or death____’ ”

 Current section 12022.5, subdivision (a) provides: “Except as provided in subdivision (b), any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense.”

 As to count 1, the enhancement allegation read as follows: “It is further alleged that in the commission of a felony specified in subdivision (a), and charged above, the defendant . . . personally and intentionally discharged a firearm, a[] handgun, and proximately caused ... the death of [the first victim], a person other than an accomplice within the meaning of Penal Code sections 12022.53(d)____”
As to count 2, the enhancement allegation read as follows: “It is further alleged that in the commission of a felony specified in subdivision (a), and charged above, the defendant . . . personally and intentionally discharged a firearm, a handgun, and proximately caused ... the great bodily injury, as defined in Penal Code section 12022.7, to [the second victim], a person other than an accomplice within the meaning of Penal Code sections 12022.53(d) . . . .”

 Section 1159 provides: “The jury, or the judge if a jury trial is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense.”