# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,

v.

JOSE GUADALUPE TIRADO,
Defendant and Appellant.

S257658

Fifth Appellate District
F076836

Kern County Superior Court
BF163811A

January 20, 2022

Justice Corrigan authored the opinion of the Court, in which Chief Justice Cantil-Sakauye and Justices Liu, Kruger, Groban, Jenkins, and Perluss[*] concurred.

_____

\*     Presiding Justice of the Court of Appeal, Second Appellate District, Division Seven, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

PEOPLE v. TIRADO

S257658

Opinion of the Court by Corrigan, J.

Penal Code section 12022.53 establishes a tiered system of sentencing enhancements for specified felonies involving firearms.[1] Section 12022.53, subdivision (h) (section 12022.53(h)) authorizes courts to strike certain enhancements in the interests of justice under the authority of section 1385. Here we consider the scope of that authority when the prosecution has alleged, and the jury has found true, the facts supporting an enhancement under section 12022.53, subdivision (d) (section 12022.53(d)). The question is what the court may do if it decides to strike that enhancement. May the court impose a lesser uncharged enhancement under either section 12022.53, subdivision (b) (section 12022.53(b)) or section 12022.53, subdivision (c) (section 12022.53(c))? Or is the court limited to imposing the section 12022.53(d) enhancement or striking it? We conclude the statutory framework permits a court to strike the section 12022.53(d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead.

## I.  BACKGROUND

Brian Phillips was in a Bakersfield convenience store when defendant Jose Guadalupe Tirado and Anthony Aldaco walked in. As Aldaco tried to steal a case of beer, Phillips

---

[1] Further unspecified section references are to the Penal Code.

1

intervened and the two men wrestled on the floor. During the struggle, defendant walked behind Phillips and shot him in the back with a semiautomatic pistol. Defendant and Aldaco ran out with the beer, but defendant was arrested later the same morning. Although Phillips survived the shooting, a bullet fractured his hip. He required surgery and had to use a walker for a month thereafter. He continued to suffer from pain and neuropathy in his foot.

The Kern County District Attorney's Office charged defendant with attempted murder, second degree robbery, participation in a criminal street gang, carrying a loaded firearm while a participant in a criminal street gang, assault with a semiautomatic firearm, and misdemeanor driving under the influence of alcohol.[2] Enhancements were added to the attempted murder and robbery counts, alleging defendant personally discharged a firearm, causing great bodily injury. (§ 12022.53(d).)[3] The counts for gang participation and carrying a loaded gun were dismissed before trial. A jury convicted defendant of second degree robbery, assault with a semiautomatic firearm, and driving under the influence. It also found true the firearm use enhancements on the robbery and assault counts (§§ 12022.53(d), 12022.5, subd. (a)), as well as the

---

[2]    (§§ 664, 187, subd. (a), 211, 212.5, subd. (c), 186.22, subd. (a), 25850, subd. (c)(3), 245, subd. (b); Veh. Code, § 23152, subd. (a).)

[3]    The information also alleged: (1) gang participation enhancements under section 186.22, subdivision (b)(1), as to the counts for attempted murder, robbery, and assault; (2) a firearm use enhancement under section 12022.5, subdivision (a), as to the assault count; and (3) a bodily injury enhancement under section 12022.7, subdivision (a), as to the assault count.

bodily injury enhancement on the assault count (§ 12022.7, subd. (a)).[4]

Before sentencing, defendant moved under section 12022.53(h) to strike the firearm use enhancement under section 12022.53(d). He argued the interests of justice would not be served by imposing the 25 years-to-life sentence required by section 12022.53(d).[5] He urged that, even if the court struck the section 12022.53(d) enhancement, it could still impose a sentence of ten years or longer based on the remaining charges and enhancements. The court denied defendant's motion.[6]

It sentenced defendant to the midterm of three years for robbery with a 25-years-to-life enhancement under section 12022.53(d). It imposed concurrent sentences of six years for the assault with a four-year enhancement for personal firearm

---

[4]    The jury did not reach a verdict on the attempted murder count or on the gang enhancements under section 186.22, subdivision (b)(1). The trial court declared a mistrial as to those allegations.

[5]    In support of the motion, defendant noted that he was 22 years old with a limited criminal history. He also cited his employment record, along with the testimony of character witnesses, the spontaneous nature of the shooting, and the fact that he was under the influence of alcohol when he shot the victim in the back.

[6]    The court acknowledged the factors cited by the defense and that the case was challenging because of the severity of the penalty. However, it noted that defendant had a previous conviction for carrying a concealed weapon; brought a firearm with him on a "beer run," indicating a readiness to use it; and escalated the force he used from joining the scuffle to shooting the victim at pointblank range. In the court's view, the totality of the circumstances did not call for a deviation from the statutorily mandated penalty for this "very serious offense."

use and a three-year enhancement for great bodily injury,[7] as well as 90 days for driving under the influence.

Defendant appealed, asserting the trial court abused its discretion because it was unaware of its full set of options under section 12022.53(h). According to defendant, the court believed it had only two choices: (1) impose the section 12022.53(d) enhancement; or (2) strike it. He urged the court had a third choice: to strike the section 12022.53(d) enhancement and impose a lesser enhancement under either section 12022.53(b) or (c).[8]

The Court of Appeal affirmed, concluding that, under the circumstances, the trial court's power under section 12022.53(h) was binary. It could strike the section 12022.53(d) enhancement found true by the jury or it could impose it. It could not strike the enhancement and substitute a different unalleged enhancement. In the Court of Appeal's view, the trial court correctly understood the scope of its power and did not abuse its discretion. The Court of Appeal noted that its decision conflicted with *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*). We granted review to resolve the conflict.

---

[7]     (§§ 12022.5, subd. (a), 12022.7, subd. (a).)

[8]     Before the Court of Appeal, the People argued defendant had forfeited this argument by failing to specifically request the trial court strike *or reduce* the enhancement imposed upon defendant. (*People v. Tirado* (2019) 38 Cal.App.5th 637, 641, fn. 5 (*Tirado*).) The Court of Appeal did not address the forfeiture argument, instead rejecting defendant's claim of error on the merits. (*Ibid.*)

## II. DISCUSSION

When being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) A court acting while unaware of the scope of its discretion is understood to have abused it. (*People v. Carmony* (2004) 33 Cal.4th 367, 378.) Whether the trial court here abused its discretion depends on the scope of that discretion under section 12022.53. We review this question of statutory interpretation de novo.

Section 12022.53 was first enacted in 1997 as part of the state's "Use a Gun and You're Done" law. (Stats. 1997, ch. 503, § 1 et seq.) The statute sets out "sentence enhancements for personal use or discharge of a firearm in the commission" of specified felonies.[9] (*People v. Palacios* (2007) 41 Cal.4th 720, 725 (*Palacios*).) Section 12022.53, subdivision (a) lists the felonies to which the section applies. Section 12022.53(b) mandates the imposition of a 10-year enhancement for personal *use* of a firearm in the commission of one of those felonies; section 12022.53(c) mandates the imposition of a 20-year enhancement for personal and intentional *discharge* of a firearm; and section 12022.53(d) provides for a 25 years-to-life enhancement for personal and intentional discharge of a firearm *causing great bodily injury or death* to a person other than an accomplice.[10] The legislative intent behind section 12022.53 is to impose

---

[9] An enhancement is "an additional term of imprisonment added to the base term" prescribed by statute for a given offense. (Cal. Rules of Court, rule 4.405(3).)

[10] In addition to the felonies specified in section 12022.53, subdivision (a), section 12022.53(d) applies to the felonies specified in section 246 and in subdivisions (c) and (d) of section 26100. (§ 12022.53(d).)

" 'substantially longer prison sentences . . . on felons who use firearms in the commission of their crimes.' " (*People v. Garcia* (2002) 28 Cal.4th 1166, 1172, quoting Stats. 1997, ch. 503, § 1, p. 3135.)

Subdivisions (f) and (j) of section 12022.53 provide further guidance to a trial court when sentencing under the statute. The court's power to impose a section 12022.53 enhancement is limited: "For the penalties in this section to apply, the existence of any fact required under subdivision (b), (c), or (d) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (§ 12022.53, subd. (j) (section 12022.53(j)).) If a section 12022.53 enhancement is admitted or found true, the court must "impose punishment for that enhancement pursuant to this section rather than imposing punishment authorized under any other provision of law, unless another enhancement provides for a greater penalty or a longer term of imprisonment." (§ 12022.53(j).) The court may impose "[o]nly one additional term of imprisonment under this section . . . per person for each crime." (§ 12022.53, subd. (f) (section 12022.53(f)).) If "more than one enhancement per person is found true under this section," the court must impose the "enhancement that provides the longest term of imprisonment." (*Ibid.*)

Before January 1, 2018, section 12022.53 prohibited courts from striking its enhancements. Former subdivision (h) of section 12022.53 provided: "Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section." (Stats. 1997, ch. 503, § 3, p. 3137.) Thus, if a section 12022.53 enhancement was alleged and found true, its imposition was mandatory. (*Palacios*, *supra*,

41 Cal.4th at p. 726; see also *People v. Oates* (2004) 32 Cal.4th 1048, 1056.) In 2017, the Legislature enacted Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620), amending section 12022.53(h) to remove this prohibition. (Stats. 2017, ch. 682, § 2.) Section 12022.53(h) now provides that a "court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."

Section 1385 provides that a court may, "in furtherance of justice, order an action to be dismissed." (*Id.*, subd. (a).) Though section 1385 literally authorizes the dismissal of "an action," it has been construed to permit the dismissal of parts of an action (*People v. Burke* (1956) 47 Cal.2d 45, 51), including a weapon or firearm use enhancement (see *People v. Price* (1984) 151 Cal.App.3d 803, 818−819; *People v. Dorsey* (1972) 28 Cal.App.3d 15, 17–18). Further, the statute's application is broad: "Section 1385 permits dismissals in the interest of justice in any situation where the Legislature has not clearly evidenced a contrary intent." (*People v. Williams* (1981) 30 Cal.3d 470, 482.)

There is no dispute that section 12022.53(h), as amended, authorizes a court to strike a section 12022.53(d) enhancement entirely and impose no additional punishment under section 12022.53. The question is whether the court can strike the section 12022.53(d) enhancement and, in its place, impose a lesser enhancement under section 12022.53(b) or section 12022.53(c), even if the lesser enhancements were not specifically charged in the information or found true by the jury.

As noted, the Courts of Appeal have split on this question. *Morrison, supra,* 34 Cal.App.5th 217 held that a trial court confronting these circumstances can strike the section

12022.53(d) enhancement and impose one of the lesser enhancements. The court pointed to case law recognizing that a court "may impose a 'lesser included' enhancement that was not charged in the information when a greater enhancement found true by the trier of fact is either legally inapplicable or unsupported by sufficient evidence." (*Morrison*, at p. 222, citing *People v. Strickland* (1974) 11 Cal.3d 946 (*Strickland*), *People v. Fialho* (2014) 229 Cal.App.4th 1389 (*Fialho*), *People v. Dixon* (2007) 153 Cal.App.4th 985 (*Dixon*), *People v. Lucas* (1997) 55 Cal.App.4th 721 (*Lucas*), *People v. Allen* (1985) 165 Cal.App.3d 616 (*Allen*).) Extending the principle of those authorities, the *Morrison* court "[saw] no reason" why a court could not strike an adjudicated section 12022.53(d) enhancement and impose an unadjudicated enhancement under section 12022.53(b) or (c). (*Morrison*, at p. 222.)

The Court of Appeal below disagreed with *Morrison*. It reasoned that the plain language of section 12022.53(h) did not authorize a court "to substitute one enhancement for another." (*Tirado, supra,* 38 Cal.App.5th at p. 643.) Rather, section 12022.53(h) authorizes a "binary" choice: either strike the enhancement or impose it. (*Tirado*, at p. 643; see also, *ibid.* ["nothing in [the statute] conveys the power to change, modify, or substitute a charge or enhancement"].) The court opined that, if the prosecution had alleged all three enhancements — i.e., the enhancements under section 12022.53(b), (c) and (d) — and the jury had found all three to be true, *then* the court "would have had the discretion to strike the [section 12022.53(d)] enhancement and . . . either impose one of the other two enhancements or strike them as well." (*Tirado*, at p. 644; see also *People v. Wang* (2020) 46 Cal.App.5th 1055, 1090−1091.) However, "because the People exercised their charging

8

discretion to allege only one enhancement, the trial court was limited to either imposing or striking that enhancement." (*Tirado*, at p. 644.) The court distinguished the case law relied upon by the *Morrison* court, reasoning that "the enhancement at issue here was neither unsupported by the law nor unsupported by the evidence." (*Ibid.*)

*Morrison* correctly described the scope of a trial court's sentencing discretion under section 12022.53. Although the prosecution did not specifically allege enhancements under section 12022.53(b) or (c), the trial court could impose those enhancements even when the section 12022.53(d) enhancement was not legally or factually inapplicable. Neither case law nor the language of section 12022.53 compels a contrary conclusion.

At the outset, it is worth noting that a court is not categorically prohibited from imposing a lesser included, uncharged enhancement so long as the prosecution has charged the greater enhancement and the facts supporting imposition of the lesser enhancement have been alleged and found true. The case law cited by *Morrison* and the Court of Appeal below makes this clear. For example, *Strickland*, *supra*, 11 Cal.3d 946 held that an uncharged enhancement may be imposed when a charged and adjudicated enhancement is inapplicable to the offense for which the defendant is ultimately convicted. (*Strickland*, at p. 961.) There, the defendant was charged with murder but convicted of voluntary manslaughter. At sentencing, the trial court imposed a firearm use enhancement under section 12022.5. This court held the imposition of that enhancement was erroneous because section 12022.5 did not apply to voluntary manslaughter. (*Strickland*, at pp. 959−960.) However, we held the defendant was subject to a separate firearm use enhancement under section 12022. (*Strickland*, at

p. 961.) We reasoned that section 12022 " 'would be applicable in any case in which [section] 12022.5 applies' "; that section 12022.5 " 'is a limited application of section 12022 with a heavier penalty' "; and that, because the jury found that the defendant came within the provisions of section 12022.5, it had manifestly found all the facts necessary for application of section 12022. (*Strickland*, at p. 961.)

*Fialho*, *supra*, 229 Cal.App.4th 1389 reached a similar conclusion. There, the defendant was charged with murder and convicted of voluntary manslaughter. The jury also found true an enhancement under section 12022.53(d). The trial court imposed a different firearm use enhancement under 12022.5, subdivision (a), because section 12022.53 does not apply to voluntary manslaughter. (*Fialho*, at pp. 1391–1392.) On appeal, the defendant urged that the section 12022.5, subdivision (a) enhancement should be stricken because it had not been alleged in the information or found true by the jury. (*Fialho*, at p. 1392.) Relying on *Strickland*, the Court of Appeal rejected the argument, concluding that "when an enhancement is alleged in the information, the defendant is put on notice 'that his [or her] conduct [could] also be in violation of' an uncharged enhancement that 'would be applicable in any case' in which the charged enhancement applies, and imposition of the uncharged enhancement is permitted." (*Fialho*, at p. 1397.) Because the defendant had conceded there was sufficient evidence to support the imposition of a section 12022.5, subdivision (a) enhancement, had it been alleged, the Court of Appeal concluded the enhancement was properly imposed. (*Fialho*, at pp. 1395, 1398.) It would elevate form over substance, the court reasoned, to require "a specific lesser included enhancement code section [to] be pleaded before [the] lesser included

enhancement can be imposed." (*Id.* at p. 1398.) The authority of a trial court to impose an uncharged enhancement, in appropriate circumstances, has also been upheld against similar challenges by defendants when the evidence was insufficient to support the adjudicated enhancement. (See *Dixon, supra*, 153 Cal.App.4th at pp. 1001−1002; *Lucas, supra*, 55 Cal.App.4th at p. 743; see also *Allen, supra*, 165 Cal.App.3d at p. 627.)

The question of a court's authority to impose an uncharged enhancement often arises in the context of a due process challenge. (See *Dixon, supra*, 153 Cal.App.4th at pp. 1001−1002; *Lucas, supra*, 55 Cal.App.4th at p. 743.) "A defendant has the 'right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes.'" (*People v. Anderson* (2020) 9 Cal.5th 946, 953, quoting *People v. Mancebo* (2002) 27 Cal.4th 735, 747.) But unless the Legislature requires otherwise, the "accusatory pleading need not specify by number the statute under which the accused is being charged." (*People v. Thomas* (1987) 43 Cal.3d 818, 826.) Where a lesser offense is encompassed within a greater one, the factual allegations made in charging the greater offense are sufficient to give notice of the lesser. By charging the greater offense, the prosecution demonstrates an "intent to prove all the elements of any lesser necessarily included offense. Hence, the stated charge notifies the defendant, for due process purposes, that he must also be prepared to defend against any lesser offense necessarily included therein, even if the lesser offense is not expressly set forth in the indictment or information." (*People v. Birks* (1998) 19 Cal.4th 108, 118 (*Birks*).) Thus, when a greater offense or an enhancement is dismissed after having been found true, the

lesser offense has nevertheless been charged and found true and may therefore be properly applied to the defendant.

The Court of Appeal below distinguished the cases *Morrison* relied on, reasoning that here the enhancement "was neither unsupported by the law nor unsupported by the evidence." (*Tirado, supra,* 38 Cal.App.5th at p. 644.) Based on that distinction, the Court of Appeal held that the trial court could not impose an enhancement under section 12022.53(b) or (c) because the prosecution had not specifically alleged the lesser enhancements. (*Tirado,* at p. 644.) That is, the Court of Appeal regarded the above-mentioned cases as prescribing the *only* circumstances in which a trial court can impose an uncharged enhancement. But nothing in *Strickland* or the other cases mentioned suggests that a trial court's power to impose an uncharged enhancement is conditioned on the charged and adjudicated enhancement being inapplicable. Under those cases, imposition of an uncharged enhancement is permitted so long as the facts supporting its imposition are alleged and found true.[11] (*Fiahlo, supra,* 229 Cal.App.4th at p. 1397; see also *Strickland, supra,* 11 Cal.3d at p. 961.)

Thus far, we have concluded that courts are not categorically prohibited from imposing uncharged enhancements and that the power to do so is not conditioned on the charged and adjudicated enhancement being legally or

---

[11] The People argue that the "statutory source for a court's authority to substitute and impose a lesser uncharged enhancement is found" in section 1181, subdivision 6, "which expressly permits such an action *only* '[w]hen the verdict or finding is contrary to law or evidence,'" and section 1260, "which expressly allows a court to modify a judgment." However, neither *Strickland* nor *Fialho* relied on or cited either provision.

factually inapplicable. The next question is whether section 12022.53 bars a trial court from imposing an enhancement under section 12022.53(b) or (c) when those enhancements are not specifically listed in the accusatory pleading, but the facts giving rise to the enhancement are alleged and found true. The Legislature could draft a statute that restricts a court's discretion in this manner. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 516 (*Romero*).) Read as a whole, however, the current language of section 12022.53 does not contain such a limitation.

The Court of Appeal reasoned that "[n]othing in the plain language of [section 12022.53(h)] authorizes a trial court to substitute one enhancement for another." (*Tirado, supra*, 38 Cal.App.5th at p. 643.) It can dismiss an enhancement or impose it, but cannot "change, modify, or substitute" an enhancement. (*Ibid*.) The People make a similar argument. According to the People, section 12022.53(h) does not allow a court to modify an enhancement by effectively deleting an element of an enhancement that has been found true.

These arguments are correct as far as they go. *Section 12022.53(h)* does not authorize *the imposition* of any of section 12022.53's enhancements; it only authorizes a trial court to "strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.53(h).) Section 12022.53(j) is the subdivision that authorizes the imposition of enhancements under section 12022.53. It provides that for the penalties in section 12022.53 to apply, the existence of any fact required by section 12022.53(b), (c), or (d) must be alleged in the accusatory pleading and admitted or found true. Therefore, the question is not whether section 12022.53(h) authorizes the court to change, modify, or substitute an enhancement. Rather, it is whether

section 12022.53(j) authorizes the court to impose an enhancement under section 12022.53(b) or (c) after striking a section 12022.53(d) enhancement.  To answer that question, we must determine whether the existence of facts required by section 12022.53(b) and (c) were alleged and found true.

Those requirements were met here.  In connection with the robbery count, the information alleged that defendant "did personally and intentionally discharge a firearm which proximately caused great bodily injury or death to another person, not an accomplice . . . within the meaning of Penal Code section 12022.53(d)."  This charging language referred to facts necessary to prove allegations under section 12022.53(b) and (c) as well.  Firing a gun as alleged would meet the use requirement of section 12022.53(b) and the discharge element of section 12022.53(c).  Likewise, the jury's findings established that these same facts were proven true.

To summarize:  When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j),

impose an enhancement under section 12022.53(b) or (c).[12]  The plain statutory language supports this conclusion.[13]

---

[12]    It should be noted, however, that this general rule only applies when a true finding under section 12022.53(d) necessarily includes a true finding under section 12022.53(b) or (c).  That would not be the case if a section 12022.53(d) enhancement were added to a charge under section 246 [shooting at an inhabited dwelling house] or under subdivisions (c) or (d) of section 26100 [shooting from a motor vehicle].  Those offenses are not "specified in subdivision (a)," as required for imposition of an enhancement under section 12022.53(b) or (c). (§ 12022.53(b), (c).)

[13]    At oral argument, the People placed great weight on the 1927 case of *People v. Superior Court (Prudencio)* (1927) 202 Cal. 165.  Their reliance is misplaced.  In *Prudencio*, the defendant was charged with first degree murder.  The jury found the defendant guilty of that offense and fixed the punishment at death.  (*Prudencio*, at p. 167.)  The defendant moved for a new trial.  The trial court denied the motion but found the evidence was insufficient to sustain the jury's verdict and, instead, found the defendant guilty of second degree murder.  (*Id.* at pp. 168−169.)  This court held the trial court's action was unauthorized because section 190 gave the jury sole discretion to determine the degree of and punishment for murder. (*Prudencio*, at p. 170.)  Thus, the trial court's options were to grant a new trial or to "pronounce judgment upon the verdict as rendered." (*Prudencio*, at pp. 169−170.)  Unlike *Prudencio*, this is not a murder case, and section 12022.53 does not limit a trial court to imposing the enhancement found true by the jury. Amended section 12022.53(h) allows a court to strike a jury's true finding under section 12022.53(d), and section 12022.53(j) allows a court to impose a lesser enhancement so long as the facts required by the relevant subdivision were alleged and found true.  There are other points of distinction as well.  When *Prudencio* was tried, the court had no power to alter a jury verdict under section 1181.  Its sole authority under that provision was to grant a new trial.  Section 1181 was only

This understanding is also consistent with the legislative history of Senate Bill 620. As mentioned, the Legislature's goal in enacting section 12022.53 was to protect Californians and deter violent crime by imposing "substantially longer prison sentences . . . on felons who use firearms in the commission of their crimes." (Stats. 1997, ch. 503, § 1, p. 3135.) The Legislature created an escalating set of enhancements, based on the defendant's conduct and the harm caused. (§ 12022.53(b), (c), (d).) It ensured that the harshest applicable punishment would be imposed in each case. (§ 12022.53(f), (j).) Former subdivision (h) of section 12022.53 reinforced those objectives by prohibiting courts from striking allegations or findings bringing a person within the statute's coverage. (Stats. 1997, ch. 503, § 3, p. 3137.) However, as Senate Bill 620's legislative history shows, the enhancement scheme "caus[ed] several problems." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 620 (2017–2018 Reg. Sess.) as amended Mar. 28, 2017, p. 3.) An analysis prepared for the Senate Committee on Public Safety before the bill's passage noted that the sentencing enhancements had "[g]reatly increase[d] the population of incarcerated persons." (*Ibid.*) The percentage of the state's budget devoted to corrections rose from 4 percent of General Fund expenses in the early 1980s to 9 percent in 2014. (*Ibid.*) The analysis stated that Senate Bill 620 would provide courts with discretion to strike a firearm enhancement, thereby providing relief "to a

---

subsequently amended to permit modification under some circumstances. (See *People v. Tubby* (1949) 34 Cal.2d 72, 76.) Finally, our resolution here turns on the application of section 12022.53, a provision added to the Penal Code 70 years after *Prudencio* was decided. For all these reasons, the People's repeated reliance on *Prudencio* is unavailing.

deserving defendant, while a defendant who merited additional punishment" would still receive it. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 620 (2017–2018 Reg. Sess.) as amended Mar. 28, 2017, p. 7.) The argument in support echoed this description, stating the bill would allow judges "to impose sentences that fit the severity of the offense." (*Id.* at p. 8.) This history reflects a legislative intent to retain the core characteristics of the sentencing scheme. More severe terms of imprisonment with the harshest applicable sentence remained the default punishment. However, courts were granted the flexibility to impose lighter sentences in appropriate circumstances.

The People argue it would violate separation of powers principles to allow a court to impose a section 12022.53(b) or (c) penalty when only a section 12022.53(d) enhancement is charged and found true. If the People's position is correct, a court could not impose an uncharged lesser enhancement even when the adjudicated enhancement is inapplicable or unsupportable. Yet, that authority has been repeatedly endorsed. (See *Strickland, supra,* 11 Cal.3d 946; *Fialho, supra,* 229 Cal.App.4th 1389.) To be sure, it is the prosecution that determines what charges should be brought and against whom. (*Birks, supra,* 19 Cal.4th at pp. 134−135.) That authority includes the power to charge specific enhancements and seek the maximum available term (*People v. Bizieff* (1990) 226 Cal.App.3d 130, 138) free from judicial supervision or interference. However, once those decisions have been made and the proceedings have begun, "the process which leads to acquittal or to sentencing is fundamentally judicial in nature." (*People v. Tenorio* (1970) 3 Cal.3d 89, 94.) The prosecution cannot control the court's authority to select from the

*legislatively authorized* sentencing options.  (See *Romero*, *supra*, 13 Cal.4th at p. 516.)  Here, the Legislature has permitted courts to impose the penalties under section 12022.53(b), (c), or (d) so long as the existence of facts required by the relevant subdivision has been alleged and found true.

## III.  DISPOSITION

The Court of Appeal's judgment is reversed.  The matter is remanded for the Court of Appeal to address the People's unresolved forfeiture argument (see *ante*, p. 4, fn. 8) and for any further proceedings not inconsistent with this opinion.


**CORRIGAN, J.**


**We Concur:**

**CANTIL-SAKAUYE, C. J.**
**LIU, J.**
**KRUGER, J.**
**GROBAN, J.**
**JENKINS, J.**
**PERLUSS, J.***

---

*        Presiding Justice of the Court of Appeal, Second Appellate District, Division Seven, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  People v. Tirado

_____

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 38 Cal.App.5th 637
**Review Granted (unpublished)**
**Rehearing Granted**

_____

**Opinion No.** S257658
**Date Filed:** January 20, 2022

_____

**Court:** Superior
**County:** Kern
**Judge:** John D. Oglesby

_____

**Counsel:**

Theresa Schriever, under appointment by the Supreme Court, and John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, F. Matt Chen, Catherine Chatman and Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Theresa Schriever
Central California Appellate Program
2150 River Plaza Drive, #300
Sacramento, CA 95833
(916) 441-3792

Dina Petrushenko
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 94244-2550
(916) 210-6048