Filed 2/7/22  P. v. Esquivel CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO DEJESUS ESQUIVEL,<br><br>     Defendant and Appellant. | A162105<br><br>(Contra Costa County<br>Super. Ct. No. 51200237) |

Appellant Antonio DeJesus Esquivel appeals the trial court's order denying his request to strike or reduce the 25-year-term firearm enhancement imposed on him under Penal Code section 12022.53, subdivision (d) (section 12022.53(d)).[1]  He argues his case should be remanded because the trial court did not understand the scope of its discretionary sentencing powers under section 12022.53, subdivision (h) (section 12022.53(h)) when it declined to strike the firearm enhancement based on the erroneous belief it lacked authority to impose a lesser included enhancement in its place.  In light of our Supreme Court's recent decision in *People v. Tirado* (Jan. 20, 2022, S257658) ___ Cal.5th ___ [2022 WL 176411] (*Tirado II*), which concluded that a court could strike a greater firearm

---

[1]     All statutory references are to the Penal Code unless otherwise stated.

1

enhancement under section 12022.53(d) and impose a lesser uncharged enhancement instead, we reverse and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

We detailed the factual and procedural background of this case in our earlier nonpublished decision affirming Esquivel's convictions. (See *People v. Esquivel* (June 25, 2019, A149692) [nonpub. opn.].) We do not repeat those details here and instead focus on the facts pertinent to this appeal.

In 2011, then 21-year-old Esquivel shot B.H. twice on a public sidewalk. He and his companion then punched and kicked B.H. as he lay on the ground. Following a trial in 2016, the jury convicted Esquivel of first degree murder (§ 187) with true findings on an alleged gang enhancement (§ 186.22, subd. (b)(1)) and a firearm enhancement (§ 12022.53, subds. (d), (e)(1)); unlawfully carrying a loaded firearm within an incorporated city (§ 12031, subd. (a)(1)); and active participation in a criminal street gang (§ 186.22, subd. (a)). The trial court sentenced Esquivel to an aggregate term of 50 years to life in state prison, which included the mandatory 25-year term for the section 12022.53(d) firearm enhancement. Esquivel appealed.

In June 2019, this court affirmed the judgment of conviction but remanded the case for resentencing to allow the trial court to consider its new discretion to strike the firearm enhancement under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682 §§ 1-2), which amended section 12022.53(h) to grant courts discretion to strike or dismiss a firearm enhancement imposed under section 12022.53 in the interest of justice pursuant to section 1385. In our disposition, we "remanded to the trial court for resentencing limited to determining whether the firearm enhancement should be stricken or dismissed" under section 12022.53(h), and stated that if

the enhancement is not stricken or dismissed, "then the sentence on that enhancement shall be reinstated as originally imposed."

Before the resentencing hearing on remand, Esquivel filed sentencing memoranda apprising the court of his postconviction conduct while incarcerated. While in prison, he had availed himself of various job opportunities, working as a porter, housing clerk, and literacy tutor. He was pursuing a college degree and was one of twelve incarcerated students in the state to have received a scholarship to support his further education. He completed an "Alternatives to Violence" course. To date, he had received no write-ups for violent behavior, only one for having a cell phone. Esquivel reflected that he was 21 years old when he committed his crime and was now 30 years old with four years of prison served during which time he had made substantial progress in his emotional and mental development. He asked the court to exercise its discretion to strike the 25-year-term firearm enhancement.

In addition, on November 13, 2020, Esquivel filed a separate memorandum of points and authorities asserting that if the court was not inclined to strike his 25-year-term firearm enhancement outright, under *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*) it had discretion to impose a lesser enhancement under sections 12022.53, subdivision (b) or (c), as a "middle ground" to the lifetime enhancement under subdivision (d).

In its written opposition, the prosecution commended Esquivel's efforts to better himself and the absence of any write-ups for acts of gang violence while incarcerated but contended those steps were not enough to overcome his murder of B.H. or subsequent gang-related conduct while pending trial.

At the February 19, 2021 resentencing hearing, Esquivel's counsel explained that its November 13, 2020 memorandum of points and authorities

3

no longer reflected the state of the law with respect to a court's ability to impose a lesser firearm enhancement instead of striking the enhancement outright. Defense counsel noted that *People v. Delavega* (2021) 59 Cal.App.5th 1074 (*Delavega*), had recently held that the court could not impose a lesser firearm enhancement unless one of those lesser enhancements had been pled and found true by the jury. The court noted another case, *People v. Garcia* (2020) 46 Cal.App.5th 786 (*Garcia*), reached the same conclusion as *Delavega*. Defense counsel anticipated that the California Supreme Court would likely resolve the split in authority between *Morrison* and *Delavega/Garcia.*

Defense counsel then turned to Esquivel's growth in the four years since his sentence. He was studious and dedicated to getting a college degree. The scholarship spoke volumes about his dedication and commitment to becoming a better person than what the court saw in 2016. He had exhibited the type of reformation the court would appreciate. Given the choices before the court, defense counsel asked the 25-year-term firearm enhancement be stricken outright.

The prosecutor stated she was impressed with the steps Esquivel had taken and noted he was "really making amazing strides." However, his crime was horrific—firing several rounds at an unarmed and unsuspecting victim in the middle of a neighborhood for the purposes of benefiting a gang's reputation in general and his own personal standing. As he awaited trial, he also showed heinous behavior—outright attacks on unsuspecting people and threats to potential witnesses for the prosecution. In the prosecution's view, Esquivel's "[a]ctions in the past simply [did] not warrant a reduction or a dismissal of an enhancement at this time."

The court also heard from Esquivel who stated as follows: He had been wrong and was "truly sorry to everybody involved." He had realized that prison was not the place he wanted to be, so he made a choice to not lose hope. Instead, he chose to better himself. He aspired to go to college, do as many programs as possible, and stay out of trouble. He explained the "lower-level prison" he would soon go to would help him further himself through college, as well as deepen his own understanding of victim and gang awareness. While not diminishing what he had done in the past, he was doing everything he could to better himself.

After commending Esquivel on his efforts "to do something with his life" while in prison, the court recounted the "very serious and stark" facts of his case. The evidence showed Esquivel, along with another gang member, had gone looking for B.H., who was not posing any danger to Esquivel at the time, and shot him dead on the street. Balancing Esquivel's "laudable" efforts in prison against the stark facts of his crime—and faced with "a binary choice between striking the 25-year enhancement or not"—the court declined to strike it. The court added: "I can say this, and this may be some source of hope for you, Mr. Esquivel, that if I had a choice in the future of accepting a lesser-included firearm enhancement in the future and balancing that against what you've done while you have been in [California Department of Corrections and Rehabilitation], I might very well decide that in your favor." The court stated that if the Supreme Court allowed the reduction of the firearm enhancement to some lesser enhancement rather than the "25 or nothing alternative," it "might very well consider a positive decision in [Esquivel's] favor" if Esquivel continued his positive efforts while in custody. In the court's view, such an approach would better balance the facts of the case and Esquivel's efforts to improve himself while incarcerated. On this

basis, the court denied Esquivel's request to strike his firearm enhancement or substitute a lesser enhancement. Esquivel now appeals the court's order.

## DISCUSSION

Esquivel contends the trial court did not fully and correctly understand the scope of its discretionary sentencing powers and erroneously concluded it lacked authority to strike his firearm enhancements and impose a lesser firearm enhancement. He says we should reverse the trial court's order and remand his case so the trial court can reconsider whether to strike the firearm enhancement and impose a lesser included firearm enhancement. Based on recently published Supreme Court authority, we agree.

Section 12022.53 provides three different escalating sentence enhancements for the personal use of a firearm in the commission of specified felonies, including murder. (See § 12022.53, subds. (b)-(d).) These consist of a 10-year enhancement for the personal use of a firearm under section 12022.53, subdivision (b) (section 12022.53(b)) (*id.,* subd. (b)); a 20-year enhancement for the personal and intentional discharge of a firearm under section 12022.53, subdivision (c) (section 12022.53(c)) (*id.*, § subd. (c)); and a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death under section 12022.53(d) (*id.*, § subd. (d).).

Effective January 1, 2018, the Legislature enacted Senate Bill No. 620, which amended section 12022.53(h), to state: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (*People v. Hoang* (2021) 66 Cal.App.5th 1020, 1022, fn. 3.) Former section 12022.53(h), prohibited courts from striking or dismissing firearm

6

enhancements found true under section 12022.53, " ' "[n]otwithstanding [s]ection 1385 or any other provision of law." ' " (*Id.* at p. 1023.)

A trial court's refusal to dismiss a section 12022.53 firearm enhancement is reviewed under the deferential abuse of discretion standard. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.)[2] "When being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion. [Citation.] A court acting while unaware of the scope of its discretion is understood to have abused it." (*Tirado II, supra,* ___ Cal.5th at p. ___ [2022 WL 176411, at *2].)

To support his contention that his case should be remanded because the court failed to consider the lesser enhancement, Esquivel relies on *Morrison, supra,* 34 Cal.App.5th 217. There, Division Five of this court held that amended section 12022.53(h) not only gave a trial court the authority to strike or dismiss a firearm enhancement, but also to impose a lesser firearm enhancement in the exercise of a court's discretion. (*Id.* at p. 222.)

A number of other Courts of Appeal, however, rejected *Morrison*'s holding. In *People v. Tirado* (2019) 38 Cal.App.5th 637 (*Tirado I*), review granted November 13, 2019, S257658, the Fifth District Court of Appeal disagreed with the court in *Morrison,* noting that "[n]othing in the plain language of sections 1385 or 12022.53, subdivision (h) authorizes a trial court to substitute one enhancement for another." (*Tirado I, supra,* at p. 643.) In *People v. Garcia* (2020) 46 Cal.App.5th 786, review granted June 10, 2020, S261772—the case the court referred to at Esquivel's resentencing hearing— the court agreed with the Fifth District in *Tirado I* "that section 12022.53,

[2]     The People contend this appeal presents issues of statutory interpretation which we review de novo. We need not resolve this disagreement because we conclude the court's order must be reversed under any standard.

7

subdivision (h) does not grant a trial court the discretion to substitute lesser included firearm enhancements, at least where the greater enhancement is legally and factually valid." (*Id.* at pp. 790–791.) Later, Division One of this court decided *Delavega*, *supra*, 59 Cal.App.5th 1074—the case defense counsel referenced at the resentencing hearing—which also agreed with the Fifth District's *Tirado I* line of cases and held that section 12022.53(h) did not give the trial court power to strike a legally and factually supported enhancement found true and impose a lesser enhancement that was not found true. (*Delavega*, *supra*, at p. 1094.)

While this appeal was pending, the conflict between *Morrison* and the contrary line of cases was resolved by our Supreme Court in *Tirado II*, *supra*, ___ Cal.5th ___ [2022 WL 176411].[3] There, the Court concluded that "*Morrison* correctly described the scope of a trial court's sentencing discretion under section 12022.53." (*Tirado II*, *supra*, ___ Cal.5th at p. ___ [2022 WL 176411, at *4].) At the outset, the Court noted that a trial court is not categorically prohibited from imposing a lesser included, uncharged enhancement so long as the prosecution has charged the greater enhancement and the facts supporting the lesser enhancement have been alleged and found true. (*Id.* at p. ___ [2022 WL 176411, at *4] [citing a number of cases applying this principle including *People v. Strickland* (1974) 11 Cal.3d 946 and *People v. Fiahlo* (2014) 229 Cal.App.4th 1389].) It found no authority which conditioned a trial court's power to impose an uncharged enhancement on the charged and adjudicated enhancement being legally or factually inapplicable. (*Id.* at p. ___ [2022 WL 176411, at *4].) Nor did

[3] Both parties indicated in their appellate briefs that the Supreme Court had granted review in *Tirado I* and *Delavega*. Further, Esquivel also anticipated that this conflict would be settled relatively soon given *Tirado I* was argued and submitted in early November 2021.

section 12022.53 bar a trial court from imposing an enhancement under section 12022.53(b) or (c) when those enhancements were not specifically listed in the accusatory pleading but the facts giving rise to the enhancement were alleged and found true. (*Id.* at p. ___.) The court further noted that section 12022.53, subdivision (j) authorized the imposition of enhancements under section 12022.53 as long as "the existence of any fact required under subdivision (b), (c), or (d) [is] alleged in the accusatory pleading and . . . admitted . . . or found to be true." (*Id.* at p. ___ [2022 WL 176411, at *3]; § 12022.53, subd. (j).) Thus, the Court concluded that under the section 12022.53 statutory framework, courts are permitted to strike a section 12022.53(d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead. (*Id.* at p. ___ [2022 WL 176411, at *6] ["To summarize: When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)."].)

Here, the record shows that the trial court did not understand it could impose a lesser included enhancement in lieu of the charged section 12022.53(d) firearm enhancement found true by the jury when it declined to strike Esquivel's 25-year-term firearm enhancement. The record further shows that if the trial court understood that it had a choice to impose a lesser included firearm enhancement instead of the greater one imposed, it might do so. *Tirado II* has clarified that the section 12022.53 statutory framework permits a court to strike the section 12022.53(d) enhancement found true by a jury and to impose a lesser charged enhancement instead. In light of this new controlling authority, a remand to the trial court for resentencing is once

9

again warranted, so that the trial court may consider whether to strike the greater firearm enhancement and impose a lesser included enhancement in its place. We express no opinion as to how the court should exercise its discretion on remand.

We need not address the People's arguments that the *Tirado I* line of cases, including *Delavega*, is more persuasive than *Morrison*, as the Supreme Court has resolved that conflict in favor of *Morrison*, as discussed.

## DISPOSITION

The trial court's order denying Esquivel's motion for resentencing is reversed, and the case is remanded for resentencing. After such resentencing, the trial court is directed to issue a new minute order and an amended abstract of judgment to reflect whether it strikes or dismisses the existing firearm enhancement and imposes a lesser included enhancement in its place or reinstates the sentence on the firearm enhancement. The court shall forward a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Rodríguez, J.


*People v. Esquivel/A162105*

11