Filed 10/4/22

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FREDRICK LAMAR JOHNSON,<br><br>    Defendant and Appellant. | C094491<br><br>(Super. Ct. Nos. 02F05812,<br>03F05484) |

APPEAL from a judgment of the Superior Court of Sacramento County, Michael W. Sweet, Judge. Vacated and remanded.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Michael A. Canzoneri and Eric L. Christoffersen, Supervising Deputy Attorneys General, for Plaintiff and Respondent.

1

We are called upon to decide the extent to which fairly recent legislation, when considered together with the available caselaw interpreting that legislation, conferred new discretion on trial courts at sentencing. The discretion at issue here is a trial court's choice to impose an uncharged lesser included firearm enhancement in lieu of the greater enhancement of conviction, after the greater enhancement is stricken by the trial court in its exercise of discretion. In what has become the customary positioning in these cases, here the offender argues for more discretion and the Attorney General argues for less.

As we next explain, in this case we agree with defendant Fredrick Lamar Johnson that the trial court has broad discretion to impose a lesser uncharged firearm enhancement provided for by Penal Code section 12022.5, subdivision (a), when it exercises its discretion to strike a Penal Code section 12022.53, subdivision (b) firearm enhancement of conviction.[1] We remand the case for a full resentencing hearing, where the trial court may consider exercise of its discretion and any other new laws related to sentencing that may apply to defendant.

## BACKGROUND

On January 1, 2018, Senate Bill No. 620 (2017-2018 Reg. Sess.) (Senate Bill No. 620) went into effect. (Stats. 2017, ch. 682, §§ 1-2.) Senate Bill No. 620 amended sections 12022.5 and 12022.53, granting trial courts discretion pursuant to section 1385 to strike or dismiss certain firearm enhancements. (§§ 12022.5, subd. (c) (12022.5(c)); 12022.53, subd. (h) (12022.53(h).)

Relying primarily on legislative intent, on January 20, 2022, our Supreme Court held in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*) that although the amendments at issue spoke only in terms of striking or dismissing a firearm enhancement, trial courts also have discretion under Senate Bill No. 620 to impose uncharged lesser section

---

[1] Undesignated statutory references are to the Penal Code.

2

12022.53 enhancements after striking or dismissing the greater.  As relevant here, this interpretation appeared to leave unresolved an apparent conflict with other unamended statutory provisions that require imposition of the harshest available punishment (see § 12022.53, subd. (f) (12022.53(f)) [requiring the court to impose "the enhancement that provides the longest term of imprisonment"] and limit sentencing to enhancements contained within the same statute unless the other statute provided for harsher consequences (§ 12022.53, subd. (j) (12022.53(j)) [requiring the court to impose punishment for the § 12022.53 enhancement "rather than imposing punishment authorized under any other" statute unless the other enhancement provides for a more severe penalty or a longer prison term]).

Long before the passage of Senate Bill No. 620, in 2002, defendant pleaded no contest in two cases to various counts in connection with multiple armed robberies and, as relevant here, admitted seven section 12022.53, subdivision (b) (12022.53(b)) enhancements.  He was sentenced to 46 years four months in prison (*People v. Johnson* (Nov. 29, 2018, C086041) [nonpub. opn.]) and resentenced approximately 15 years later to 46 years in prison (§ 1170, subd. (d); *People v. Hill* (1986) 185 Cal.App.3d 831, 833).

By the time we considered defendant's appeal from his second sentencing hearing, Senate Bill No. 620 had been enacted, and we remanded the case for discretionary resentencing pursuant to the new amendments, with directions to obtain and consider a supplemental probation report.  (*People v. Johnson*, *supra*, C086014.)  At the resentencing hearing on remand, as relevant here, the trial court acknowledged it had discretion--pursuant to the amendments to section 12022.53 resulting from the passage of Senate Bill No. 620--to strike one or more of defendant's seven section 12022.53(b) firearm enhancements.  (§ 12022.53(h).)  After making a number of appropriate considerations, the court concluded the firearm enhancements were "inextricably entwined" with each of the robberies and assaults and declined to strike any of the

3

enhancements. The court was not asked to consider imposing lesser firearm enhancements in lieu of the section 12022.53(b) enhancements of conviction.

Defendant timely appealed; the case was initially fully briefed on March 7, 2022, and assigned to the panel as presently constituted on May 5, 2022. On June 9, 2022, we directed the parties to file supplemental briefs. We set the case for oral argument, and it was argued and submitted on September 27, 2022.

Relying on the Supreme Court's recent decision in *Tirado, supra,* 12 Cal.5th 688, defendant argues we should again remand the case for resentencing to allow the trial court to exercise informed discretion on whether to strike one or more of the section 12022.53(b) firearm enhancements with the option to then substitute uncharged lesser enhancements for the stricken enhancements of conviction. The Attorney General did not respond to this claim in his responsive briefing; in supplemental briefing, he now argues section 12022.53(j) prohibits the trial court from imposing an uncharged section 12022.5(a) enhancement after striking a section 12022.53 enhancement of conviction, and contends our high court's decision in *Tirado* does not dictate a contrary conclusion. While this case was pending, Division Two of the Fourth Appellate District decided *People v. Fuller* (2022) __ Cal.App.5th __ [2022 Cal.App. Lexis 787], which concluded that "under *Tirado* the sentencing court may impose an uncharged lesser included enhancement under section 12022.5 after striking a greater enhancement under section 12022.53." (*Id.* at p. *2.) Some unpublished decisions have come to this same result, but others have come to a contrary conclusion.[2]

---

[2] Our Supreme Court recently granted the defendant's petition for review in one of these unpublished cases, and simultaneously denied the Attorney General's request to publish. (*People v. McDavid*, review granted Sept. 28, 2022, S2752119.)

We agree with defendant that remand is warranted, as we next explain.[3]

DISCUSSION

I

*Legal Principles*

A. *Standard of Review*

This is a question of statutory interpretation, which we review de novo. (*People v. Medina* (2018) 24 Cal.App.5th 61, 66.) "Under fundamental rules of statutory construction, we must ascertain the intent of the Legislature, or the electorate, from examining the statute as a whole in order to effectuate the purpose of the law." (*People v. Saelee* (2018) 28 Cal.App.5th 744, 752.) "Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves, giving them their usual and ordinary meaning and construing them in context. [Citation.] If the plain language of the statute is clear and unambiguous, our inquiry ends, and we need not embark on judicial construction." (*People v. Johnson* (2002) 28 Cal.4th 240, 244.)

"Nevertheless, the 'plain meaning' rule does not prevent a court from determining whether the literal meaning of the statute comports with its purpose. [Citations.] Thus, although the words used by the Legislature are the most useful guide to its intent, we do not view the language of the statute in isolation. [Citation.] Rather, we construe the words of the statute in context, keeping in mind the statutory purpose. [Citation.] We will not follow the plain meaning of the statute 'when to do so would "frustrate[] the manifest purposes of the legislation as a whole or [lead] to absurd results." ' [Citations.]

---

[3] Because we remand for full resentencing, we do not discuss defendant's claim on appeal that the trial court relied on an inadequate probation report, to which trial counsel was ineffective for failing to object. On remand, a new probation report should be prepared.

5

Instead, we will ' "interpret legislation reasonably and . . . attempt to give effect to the apparent purpose of the statute." ' " (*MacIsaac v. Waste Management Collection & Recycling, Inc.* (2005) 134 Cal.App.4th 1076, 1083.)  Thus, to determine the most reasonable interpretation of a statute, we look to its legislative history and background. (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332; *People v. DeJesus* (2019) 37 Cal.App.5th 1124, 1129-1130.)  " 'We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." ' " (*People v. Camacho* (2019) 32 Cal.App.5th 998, 1007.)

We next consider the relevant statutory provisions and their statutory framework.

B.  *Section 12022.53*

Section 12022.53 "sets out 'sentence enhancements for personal use or discharge of a firearm in the commission' of specified felonies.  [Citation.]  Section 12022.53, subdivision (a) lists the felonies to which the section applies.  Section 12022.53(b) mandates the imposition of a 10-year enhancement for personal *use* of a firearm in the commission of one of those felonies; section 12022.53[, subd.] (c) mandates the imposition of a 20-year enhancement for personal and intentional *discharge* of a firearm; and section 12022.53[, subd.] (d) provides for a 25 year-to-life enhancement for personal and intentional discharge of a firearm *causing great bodily injury or death* to a person other than an accomplice." (*Tirado*, *supra*, 12 Cal.5th at pp. 694-695.)

The operative version of section 12022.53(h), effective after the passage of Senate Bill No. 620, provides that a "court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.53(h).)  Both *Tirado* and *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*) interpreted subdivision (h) to establish that the trial court was not faced with the binary choice of either imposing or striking a section 12022.53 enhancement at sentencing, but also had discretion to impose an uncharged

6

lesser enhancement from that same statute.  (*Tirado*, *supra,* 12 Cal. 5th at p. 700;

*Morrison,* at p. 223.)  These cases did not reach the propriety of imposition of section

12022.5 enhancements in lieu of stricken section 12022.53 enhancements as an exercise

of the new discretion conferred by section 12022.53(h); however, they reached their

respective conclusions despite the continued presence of two subdivisions within section

12022.53 that appear to restrict the imposition of a lesser enhancement itself as well as its

corresponding sentence.[4]

   One of these restrictive subdivisions, section 12022.53(j), provides as relevant

here:  "If a section 12022.53 enhancement is admitted or found true, the court must

'impose punishment for that enhancement pursuant to this section rather than imposing

punishment authorized under any other [provision of] law, unless another enhancement

provides for a greater penalty or a longer term of imprisonment.'  (§ 12022.53(j).)"

(*Tirado*, *supra*, 12 Cal.5th at p. 695.)  The Attorney General relies on this subdivision,

section 12022.53(j), to support his argument that the trial court does not have discretion

to impose a section 12022.5 enhancement in lieu of a stricken section 12022.53

enhancement; we elaborate on this argument below.

---

[4] In *Morrison*, the appellate court examined whether trial courts may impose "an
uncharged enhancement under section 12022.53, subdivision (b) or (c) in lieu of an
enhancement under section 12022.53, subdivision (d) if it was unsupported by substantial
evidence or was defective or legally inapplicable in some other respect."  (*Morrison*,
*supra*, 34 Cal.App.5th at p. 222.)  The court observed that by incorporating section 1385
into section 12022.53, through the amendments to section 12022.53(h), the Legislature
ensured that trial courts were no longer required to impose the maximum enhancement
under section 12022.53.  (*Morrison* at p. 223.)  Courts now have a wide range of
sentencing choices, which include striking the section 12022.53 enhancement in its
entirety, or imposing sections 12022.53(b) or (c) as "middle ground to a lifetime
enhancement under section 12022.53[(d)], if such an outcome was found to be in the
interests of justice under section 1385."  (*Morrison,* at p. 223.)

The other restrictive subdivision, section 12022.53(f), although not discussed at length by either party, is also relevant to our analysis. Subdivision (f) provides in relevant part that: "[I]f more than one enhancement per person is found true under this section" the trial court must impose the "enhancement that provides the longest term of imprisonment." (§ 12022.53(f); see *Tirado, supra*, 12 Cal.5th at p. 695.)

C. *Section 12022.5*

Section 12022.5, subdivision (a) (§ 12022.5(a)) provides in relevant part that: "[A]ny person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years." The operative version of section 12022.5(c), effective after the passage of Senate Bill No. 620, provides that "[t]he court may, in the interest of justice pursuant to section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."

Because proving all the facts necessary to establish a section 12022.53 enhancement also proves a section 12022.5(a) enhancement, courts have permitted imposition of the latter in lieu of the former, where the former was the enhancement of conviction but was inapplicable to the charged offense. (*People v. Fialho* (2014) 229 Cal.App.4th 1389, 1395-1396 (*Fialho*) [imposition of uncharged but "lesser included" § 12022.5(a) enhancement permitted where § 12022.53 enhancement found true but not applicable to charged crime]; see also *People v. Strickland* (1974) 11 Cal. 3d 946, 961 (*Strickland*) [imposition of uncharged § 12022 enhancement permitted where (former) § 12022.5 enhancement found true but did not apply to charged crime].)

Because section 12022.5(a) provides a triad of three, four, or 10 years for personal use of a firearm in the commission of *any* felony, whereas section 12022.53(b) mandates the imposition of a 10-year enhancement for personal use of a firearm in the commission of certain *specified* felonies, section 12022.5(a) punishes the same conduct as does section 12022.53(b)--personal use of a firearm in the commission of a felony--but casts a

8

broader net, encompassing *any* felony, and provides for more nuanced punishment, permitting a triad of considerations for sentencing.  Any violation of 12022.53(b) is necessarily a violation of 12022.5(a), as the conduct required to qualify for the former enhancement is encompassed by the conduct required to qualify for the latter.

D.  *Section 1385*

Senate Bill No. 620 amended both sections 12022.53 and 12022.5 to provide that pursuant to the trial court's authority under section 1385, the trial court could, in the interest of justice, strike or dismiss a firearm enhancement otherwise required to be imposed by those two sections.  (Stats 2017, ch. 682, §§ 1(c)-2(h).)  (*Morrison, supra*, 34 Cal.App.5th at pp. 221-222.)  Although section 1385 "literally authorizes the dismissal of 'an action,' it has been construed to permit the dismissal of parts of an action."  (*Tirado, supra,* 12 Cal.5th at p. 696.)  Both *Tirado* and *Morrison* relied on the trial court's broad discretion under section 1385, not constricted as relevant here by case law or statutory language, as the basis for concluding the Legislature intended to grant trial courts discretion to impose punishment for an uncharged lesser included firearm enhancement when striking the enhancement of conviction.  (See *Tirado, supra,* 12 Cal.5th at pp. 695-696, 697-702; *Morrison, supra,* 34 Cal.App.5th at pp. 222-223.)

II

*Analysis*

A.  Tirado *Does Not Preclude the Trial Courts' Exercise of Discretion*

The Attorney General first argues our Supreme Court's decision in *Tirado* "does not authorize" trial courts to reduce a section 12022.53(b) enhancement to a section 12022.5(a) enhancement.  He points out that *Tirado* actually cited and relied on 12022.53(j) in reaching its conclusion that imposition of a lesser enhancement within the same statute was authorized by this subdivision.  Defendant acknowledges *Tirado* does not address the issue raised here, but contends its holding supports his claim on rehearing through its reasoning that section 12022.53(h) permitted reduction of the enhancements at

9

issue, and also by its reliance on the legislative history of the amendments, which supported exercise of discretion to reduce sentences and provide for tailored and appropriate punishment for firearm use.

The Supreme Court considered a narrow issue in *Tirado*, whether a trial court may "impose a lesser uncharged enhancement under" section 12022.53, subdivisions (b) or (c) when striking the greater (§ 12022.53, subd. (d) (§ 12022.53(d)) enhancement, "[o]r is the court limited to imposing the section 12022.53(d) enhancement or striking it?" (*Tirado*, *supra*, 12 Cal.5th 688 at pp. 692, 696.)  After reviewing the legislative intent underlying the amendments to section 12022.53, our high court concluded "the statutory framework permits a court to strike the section 12022.53(d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead."  (*Tirado*, at p. 692.)

*Tirado* did not consider whether trial courts have discretion to strike a section 12022.53(b) enhancement and substitute an uncharged, section 12022.5(a) enhancement. Because cases are not authority for issues not decided therein, the decision in *Tirado* informs but does not dictate our conclusion.  (See *People v. Evans* (2008) 44 Cal.4th 590, 599.)  The *Tirado* court's discussion of *Fialho, supra,* 229 Cal.App.4th 1389 and *Strickland, supra,* 11 Cal. 3d 946 is, however, relevant to our discussion here, and assists us in reaching our conclusion.  In *Strickland*, our Supreme Court held "an uncharged enhancement may be imposed when a charged and adjudicated enhancement is inapplicable to the offense for which the defendant is ultimately convicted."  (*Tirado*, *supra*, 12 Cal.5th at p. 697; see *Strickland, supra*, 11 Cal.3d at pp. 959-961 [trial court could impose § 12022 enhancement after finding the § 12022.5 enhancement inapplicable to the underlying conviction because the jury had "found all the facts necessary for application of section 12022" when it found true the § 12022.5 enhancement].)  In *Fialho*, the jury found true a section 12022.53(d) enhancement, but the trial court imposed a section 12022.5(a) enhancement after finding section 12022.53 inapplicable to

10

voluntary manslaughter, the underlying offense. (*Fialho, supra*, 229 Cal.App.4th at pp. 1391-1392.) "On appeal, the defendant urged that the section 12022.5, subdivision (a) enhancement should be stricken because it had not been alleged in the information or found true by the jury. [Citation.] Relying on *Strickland*, the Court of Appeal rejected the argument, concluding that 'when an enhancement is alleged in the information, the defendant is put on notice 'that his [or her] conduct [could] also be in violation of an uncharged enhancement that "would be applicable in any case" in which the charged enhancement applies, and imposition of the uncharged enhancement is permitted.' [Citation.] Because the defendant had conceded there was sufficient evidence to support the imposition of a section 12022.5, subdivision (a) enhancement, had it been alleged, the Court of Appeal concluded the enhancement was properly imposed. [Citation.] It would elevate form over substance, the court reasoned, to require 'a specific lesser included enhancement code section [to] be pleaded before [the] lesser included enhancement can be imposed.' [Citation.] The authority of a trial court to impose an uncharged enhancement, in appropriate circumstances, has also been upheld against similar challenges by defendants when the evidence was insufficient to support the adjudicated enhancement." (*Tirado*, *supra*, 12 Cal.5th at p. 698.)

In *Tirado*, our Supreme Court rejected the notion that the propriety of the discretion exercised discussed in *Strickland* and *Fialho* was "conditioned on the charged and adjudicated enhancement being legally or factually inapplicable." (*Tirado, supra*, 12 Cal.5th at p. 699.) Instead, our high court explained, "[u]nder those cases, imposition of an uncharged enhancement is permitted so long as the facts supporting its imposition are alleged and found true." (*Ibid.*) In that regard, trial courts have the discretion to impose "a lesser included, uncharged enhancement so long as the prosecution has charged the greater enhancement and the facts supporting imposition of the lesser enhancement have been alleged and found true." (*Id*. at p. 697.)

11

The *Tirado* court next considered "whether section 12022.53 bars a trial court from imposing an enhancement under section 12022.53(b) or (c) when those enhancements are not specifically listed in the accusatory pleading, but the facts giving rise to the enhancement are alleged and found true." (*Tirado, supra*, 12 Cal.5th at p. 699.) Specifically, the court explained the question was "whether section 12022.53(j) authorizes the court to impose an enhancement under section 12022.53(b) or (c) after striking a section 12022.53(d) enhancement"--a question that required a determination of "whether the existence of facts required by section 12022.53(b) and (c) were alleged and found true." (*Id*. at p. 700.) The court answered that question in the affirmative, concluding the charging language and the jury's findings with regard to the section 12022.53(d) enhancement "would meet the use requirement of section 12022.53(b) and the discharge element of section 12022.53(c)." (*Tirado*. at p. 700.)

Thus, *Tirado* may fairly be read to permit the factual findings underlying an enhancement that is stricken by the trial court for any permissible reason to be used to support imposition of a lesser uncharged enhancement, as long as the facts underlying the lesser included enhancement were alleged and found true. (*Tirado, supra*, 12 Cal.5th at p. 700.) The factual findings survive even when the enhancement is stricken, and support imposition of a lesser. Applying that same reasoning here, once the trial court strikes any (and all) existing section 12022.53 enhancement(s), the question is whether those enhancements' supporting facts were alleged and found true such that a section 12022.5 enhancement may then be imposed. As explained above, *Tirado* and *Fialho* answer the question in the affirmative.

Further, as we explain in more detail below, a review of the statutes and legislative history on which the court in *Tirado* relied leads us to conclude that the addition of 12022.53(h) by Senate Bill No. 620 did indeed convey to the sentencing courts the discretion to replace (in addition to strike) a section 12022.53(b) enhancement, as long as the factual basis for the lesser was pleaded and either admitted or found true.

12

B.  *Section 12022.53(j) Does not Prohibit Imposition of Uncharged Lesser Enhancements*

The Attorney General next argues section 12022.53(j) prohibits substituting a section 12022.53 enhancement of conviction with an enhancement described by a different statute that carries with its application the possibility of a lower penalty, such as section 12022.5.  As we mentioned above, the portion of subdivision (j) on which the Attorney General relies states:  "When an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment for that enhancement pursuant to this section rather than imposing punishment authorized under any other law, unless another enhancement provides for a greater penalty or a longer term of imprisonment."  (§ 12022.53(j).)

We do not dispute that the directive to trial courts requiring they "shall impose punishment for that enhancement pursuant to this section," rather than leaving open an option to impose punishment under a statute with a sentencing scheme that permits more leniency, would indeed seem to preclude reduction to a section 12022.5 enhancement.  As we have discussed, section 12022.5 does *not* provide for a greater penalty or longer term of imprisonment than section 12022.53(b); indeed, it provides options for lesser penalties and lower terms of imprisonment.  However, as we have also discussed, following the Senate Bill No. 620 amendments to section 12022.53(h), courts now "may . . . strike or dismiss an enhancement *otherwise required to be imposed by this section . . . .*"  (§ 12022.53(h), italics added.)

But even assuming that both section 12022.53(f) and section 12022.53(j) are mandatory *when punishment is being imposed pursuant to an existing section 12022.53 enhancement* (§§ 12022.53(j) ["the court shall impose punishment" for a section 12022.53 enhancement], 12022.53(f) ["the court shall impose upon that person the enhancement that provides the longest term of imprisonment"]), if the trial court strikes *all* section 12022.53 enhancements alleged and found true by the jury under section

12022.53(h), none of the mandatory provisions in section 12022.53(f) or section 12022.53(j) apply. This is because there is no longer an existing section 12022.53 enhancement for which punishment may be imposed. When the enhancement itself is stricken, it is as if the true finding on the enhancement itself never existed and it cannot be considered for any purpose connected with defendant's sentencing, as relevant here. (See *People v. Barboza* (2021) 68 Cal.App.5th 955, 965; *People v. Flores* (2021) 63 Cal.App.5th 368, 383.) Simply put, we fail to see how section 12022.53(j) can correctly be construed to block imposition of a lesser where its prefatory requirement: "When an enhancement specified in this section has been admitted or found to be true" is no longer applicable, because any such enhancement "specified in [§ 12022.53]" has been stricken and thereby no longer exists for purposes of sentencing consideration.

Thus, while section 12022.53(j) continues to require trial courts to impose a section 12022.53 enhancement that is charged and admitted or found true and not subsequently stricken, section 12022.53(h) now permits striking of any or all of the section 12022.53 enhancements and, if all are stricken, imposition of a lesser enhancement when discretion is exercised pursuant to section 1385. Section 12022.53(h) conferred on trial courts the discretion to be more flexible in sentencing, to look beyond the maximum penalty and consider lesser included, uncharged enhancements, including those found in section 12022.5, and allow the punishment to fit the offense and the offender. This result makes sense, and would seem to serve the interests of justice by securing additional imprisonment options of three or four years for gun possession in this context, instead of requiring an all or nothing departure from a mandatory 10-year penalty to no penalty whatsoever, as seen at the sentencing hearing in our case on review.

C. *The Legislative Intent Behind Senate Bill No. 620 Supports Our Conclusion*

To determine the most reasonable interpretation of a statute, we look to its legislative history and background. (*Goodman v. Lozano, supra,* 47 Cal.4th at p. 1332; *People v. DeJesus, supra,* 37 Cal.App.5th at pp. 1129-1130.) To adopt the Attorney

General's restrictive view would contradict the explicit intent of the Legislature, which determined that Senate Bill No. 620 "would allow judges 'to impose sentences that fit the severity of the offense,' " and give them "flexibility to impose lighter sentences in appropriate circumstances." (*Tirado, supra*, 12 Cal.5th at pp. 701-702; Sen. Com. on Public Safety, Analysis of Sen. Bill No. 620 (2017-2018 Reg. Sess.) Mar. 28, 2017, p. 8.) Our conclusion that section 12022.53(h) allows trial courts to strike a section 12022.53 enhancement and impose an uncharged section 12022.5 enhancement is consistent with this expressed intent.

Importantly, the Legislature added the same language to both sections 12022.53 and 12022.5 in order to eliminate the mandatory nature of California's firearm enhancements and grant courts discretion to fashion punishments tailored to fit the specific offense and offender. (§§ 12022.53(h), 12022.5(c).) These identical amendments reflected the Legislature's concerted effort to resolve the problems it found had been created by the mandatory nature of the firearm enhancements, such as the increase in prison population and state funds devoted to prisons. (See Sen. Com. on Public Safety, Analysis of Sen. Bill No. 620 (2017-2018 Reg. Sess.) Mar. 28, 2017, p. 3; see also *Tirado*, *supra*, 12 Cal.5th at p. 701.)

Senate Bill No. 620 also reflected the Legislature's intent to expand the courts' discretion at sentencing and give courts flexibility "to impose lighter sentences in appropriate circumstances," while retaining "the core characteristics of the sentencing scheme" by keeping the "harshest applicable sentence" as the default punishment. (See Sen. Com. on Public Safety, Analysis of Sen. Bill No. 620 (2017-2018 Reg. Sess.) Mar. 28, 2017, p. 8; see also *Tirado, supra*, 12 Cal.5th at pp. 701-702.) By granting courts this discretion, the Legislature acknowledged the role of the trial court at sentencing to "evaluate[] all relevant circumstances to ensure that the punishment fits the offense and the offender," not to merely impose mandatory maxima. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 587-588; *see also People v. Marsh* (1984) 36 Cal.3d 134, 144 [§ 1385

15

provides trial courts with a broad range of sentencing options between no prison and life in prison].)

Our conclusion that the Legislature intended to confer on trial courts a range of sentencing options and broad discretion to choose among them when imposing firearm use enhancements is further reinforced when we consider subsequently enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill No. 81). Senate Bill No. 81 extensively amended section 1385 (Stats. 2021, ch. 721, § 1, eff. Jan. 1, 2022) "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) The amendments clarify that: "*Notwithstanding any other law*, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1), italics added.)

One of the mitigating factors to which courts must now "give great weight" under these new amendments, specifically when deciding whether to impose sentence for a firearm enhancement, is whether the firearm used "was inoperable or unloaded." (§ 1385, subd. (c)(2)(I).) Evidence of this circumstance "weighs greatly in favor of dismissing the enhancement." (§ 1385, subd. (c)(2).)

The applicability of section 12022.53(b) enhancements does not turn on this circumstance, as that statute provides that "the firearm need not be operable or loaded for this enhancement to apply." (§ 12022.53(b).) Considering this mitigating factor and giving it great weight, a trial court that did *not* have discretion to impose a lesser enhancement after striking an enhancement of conviction charged under section 12022.53(b) that involved an inoperative or unloaded gun would be restricted from finding "middle ground. . ., if such an outcome was found to be in the interests of justice under section 1385" (*Morrison, supra*, 34 Cal.App.5th at p. 223) by imposing some middle penalty between 0 and 10 years. Restricting the trial courts' ability to find middle

16

ground would be contrary to the legislative intent to "allow judges 'to impose sentences that fit the severity of the offense.' " (*Tirado, supra,* 12 Cal.5th at p. 701; Sen. Com. on Public Safety, Analysis of Sen. Bill No. 620 (2017-2018 Reg. Sess.) Mar. 28, 2017, p. 8.) By making this subsequent change to section 1385, the Legislature has continued to demonstrate its intent to expand courts' discretion and provide them with a wide range of sentencing choices, particularly when it comes to firearm use enhancements. (*See People v. Marsh*, *supra*, 36 Cal.3d at p. 144; *see also Tirado*, *supra*, 12 Cal.5th at p. 702.)

We note another change to section 1385, the addition of the mitigating factor providing that if "[t]he application of an enhancement could result in a sentence of over 20 years" in prison, "the enhancement shall be dismissed." (§ 1385, subd. (c)(3)(C).) Again, this direction is indicative of the Legislature's intent to allow nuanced downward adjustments to an offender's total sentence by adjusting the enhancements, such as in the manner contemplated here. Discretion is therefore conferred "[n]otwithstanding any other law." (§ 1385, subd. (c)(1).)

D.  *The Language of* Fialho *Supports Our Conclusion*

As we mentioned in support of a different point, *ante*, in *Fialho*, *supra*, 229 Cal.App.4th 1389, the trial court struck a section 12022.53(d) enhancement and imposed a section 12022.5(a) enhancement in its stead. This is the identical relief sought as an option in this case, although in *Fialho* the adjustment from the greater to the lesser enhancement was necessitated by the fact that section 12022.53 was legally inapplicable to the defendant's circumstances due to the nature of the underlying charge. The *Fialho* court upheld the trial court's sentencing decision. As we detailed above in our discussion of *Tirado*, our Supreme Court approvingly discussed *Fialho* in that case, and explained the authority to impose the lesser included enhancement (as discussed in *Fialho* and *Strickland*) applied even when the enhancement is stricken for a reason *other than* the factual or legal inapplicability of the greater enhancement.

The substantive provisions of sections 12022.53(f) and (j) have remained unchanged since section 12022.53 was enacted in 2010. Thus, those restrictive provisions were included in section 12022.53 when the *Fialho* court agreed that trial courts have discretion to impose a section 12022.5(a) enhancement in lieu of a stricken section 12022.53 enhancement. The Legislature did not respond to that opinion and, instead, in 2017, amended section 12022.53(h) to give the trial court broad discretion to strike section 12022.53 enhancements in the interest of justice, as we have described at length *ante*. When the Legislature amends a statute without changing the statute in response to a prior judicial construction, it is presumed the Legislature knew of the interpretation and acquiesced to it. (See *People v. Blakeley* (2000) 23 Cal.4th 82, 89.) Thus, the actions of the courts and Legislature surrounding the *Fialho* decision also support our conclusion here.

E. People v. Fuller *Supports our Conclusion*

In *People v. Fuller*, *supra*, __ Cal.App.5th __ [2022 Cal.App. Lexis 787] the appellate court interpreted *Tirado* as "standing for the proposition that when only an enhancement under section 12022.53 has been charged and found true, a sentencing court is not limited to lesser enhancements found within section 12022.53." (*Id.* at p. *13.) Although we decline to adopt the *Fuller* court's reasoning in its entirety, we agree with that court's conclusion that imposition of a section 12022.5(a) enhancement in lieu of a stricken section 12022.53(b) enhancement is legally permissible after the recent changes in the applicable law, as interpreted by *Tirado*. (See *Fuller,* at pp. *12-*13.)

F. *Remand is Required*

Having concluded that the trial court has discretion to substitute an uncharged lesser enhancement for a stricken section 12022.53(b) enhancement, we agree with defendant that remand for informed exercise of the trial court's discretion is appropriate here. There are seven section 12022.53(b) enhancements remaining. The court's comments regarding the nature of the firearm enhancements as inextricably intertwined

18

with (and thus an integral part of) each underlying robbery charge combined with its comments regarding potentially mitigating factors (such as defendant's age, traumatic childhood, and postconviction conduct) suggest the court was focused on the propriety of *striking* some or all of the enhancements, but did not consider whether it had discretion to *substitute* an enhancement providing for lesser punishment in their stead. Indeed, at the time of defendant's resentencing, there was authority indicating the trial court *lacked* the latter form of discretion. (See *People v. Tirado* (2019) 38 Cal.App.5th 637, 643, sub. opn. (2022) 12 Cal.5th 688 [sentencing court is faced with a binary choice to either dismiss the enhancement in the interest of justice or take no action].)

"When being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion. [Citation.] A court acting while unaware of the scope of its discretion is understood to have abused it." (*Tirado*, *supra*, 12 Cal.5th at p. 694.)

We shall remand the case for resentencing to allow the court to exercise its informed discretion on whether to strike any of the remaining firearm enhancements and impose a lesser enhancement in its stead. A new probation report should be prepared.

Defendant may renew any of his previous arguments seeking dismissal of the enhancements as well as make any new arguments for dismissal with or without a corresponding imposition of a lesser enhancement on remand. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.) There are a number of statutory amendments that may be relevant to defendant's resentencing, among them sections 1170.03, subdivisions (a)(3) and (a)(4), and 1385, subdivisions (c)(2) and (c)(3). We express no opinion as to how the trial court should exercise its discretion on remand.

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded for resentencing and the trial court's exercise its discretion in accordance with this opinion. At resentencing, the trial court may also consider any other new sentencing laws that apply to defendant, as his judgment is not yet final.

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　Duarte, J.

We concur:

　　/s/
Robie, Acting P. J.

　　/s/
Earl, J.

20